UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

STANLEY HERBERT BRODY,                       No. 13-11721

                             Debtor(s).
_____/

LARRY TRISTANO,

                             Plaintiff(s),

                     v.                                  A.P. No. 14-1034

STANLEY HERBERT BRODY,

                             Defendant(s).
_____/

Memorandum After Trial
_____

       This adversary proceeding relates to a hard-money loan made by plaintiff Larry Tristano to Julie Forsythe almost eight years ago. The loan was arranged by Chapter 7 debtor and defendant Stanley Brody, who was a real estate salesman. The loan was secured by a junior deed of trust to investment property owned by Forsythe and managed by Brody. The loan was necessary because rental income on the property had become unstable.

       Tristano made his check out to United States Mortgage, a corporation used by Brody. Tristano

1

received $3,000.00 in payments before the loan went into default and the security was lost due to foreclosure by a senior lienholder. The checks for the payments were all from United States Mortgage and were all signed by Brody.

In 2009, after loss of his security due to foreclosure by a senior lienholder, Tristano filed suit in state court against Forsythe and Brody. Forsythe filed for bankruptcy. Brody agreed to a stipulated judgment in 2010, but did not make the payments as required. He filed his Chapter 13 petition on September 6, 2013. The case was subsequently converted to Chapter 7. Tristano timely commenced this adversary proceeding, alleging that Brody's debt to him is nondischargeable pursuant to § 523(a)(2) and § 523(a)(4) of the Bankruptcy Code.

In order to prevail under § 523(a)(2), Tristano must convince the court that Brody lied to him or intentionally withheld material information with fraudulent intent and that Tristano would have acted differently if he had known the truth. Tristano failed to produce convincing evidence of a false statement or fraudulent intent and no evidence whatsoever of reliance. He therefore cannot prevail under § 523(a)(2).

Tristano's theory is that Brody stole his money by using the loan funds for his own purposes and giving Tristano a forged deed of trust. However, the undisputed evidence is that the loan funds were used to preserve Forsythe's property. The signature on the 8-year-old deed of trust looks like Forsythe's, as she admits; she just does not remember signing it. Tristano takes her testimony and asks the court to infer that Brody forged her signature and stole his money. The court declines to so find in the absence of any corroborating evidence and in light of Brody's un-rebutted testimony. There can therefore be no finding of fraud, nor of embezzlement or larceny.

As to § 523(a)(4), Tristano confuses breach of fiduciary duty under state law with defalcation in a fiduciary capacity under state law. The two are not the same. State law concepts of fiduciary duty are generally inapplicable in dischargeability cases. *Ragsdale v. Haller,* 780 F.2d 794, 796 (9th Cir. 1986). A California real estate licensee does not meet the fiduciary capacity requirement of § 523(a)(4) solely based on his or her status as a real estate licensee; general fiduciary obligations are not

sufficient to fulfill the fiduciary capacity requirement of § 523(a)(4). *In re Honkanen,* 446 B.R. 373, 381 (9th Cir. BAP 2011). In order for there to be defalcation, there must be a misappropriation of trust funds. *In re Bigelow,* 271 B.R. 178, 186 (9th Cir. BAP 2001). And, in any event, the required intent was not proven. *Bullock v. BankChampaign, N.A.*, – U.S. –, 133 S.Ct. 1754, 1759-60 (2013).

For the foregoing reasons, Tristano will take nothing by his complaint, which will be dismissed with prejudice. The court declines to award Brody his costs due to his counsel's willful disregard of the court's pretrial order. Brody's counsel, Michele M. Poteracke, is warned that press of business is not an ethical excuse for failure to properly represent one's client or violation of a court order.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Brody shall submit an appropriate form of judgment forthwith.

Dated: November 4, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge

3